E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
5/11/2021 11:22 AM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>GWINNETT</u> County

| For Clerk Use Only | |
|---|---|
| Date Filed _____ <br> **MM-DD-YYYY** | Case Number <u>21-C-03536-S4</u> |

**Plaintiff(s)**

ONAGORUWA    OLADAPO

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

MC LAUCHLIN    DAVID

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

EMPIRE COACH LINE, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>RYAN RUCKER</u>    **Bar Number** <u>199347</u>    **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**

- ☒ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
     **Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                                    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**5/11/2021 11:22 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLADAPO ONAGORUWA

                    Plaintiff,

v.

DAVID MC LAUCHLIN, EMPIRE COACH
LINE, INC.  AND PENNSYLVANIA
MANUFACTURERS ASSOCIATION
INSURANCE COMPANY

                    Defendants.

CIVIL ACTION
FILE NO.: **21-C-03536-S4**

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW OLADAPO ONAGORUWA, plaintiff, and makes and files this complaint against defendants DAVID MC LAUCHLIN, EMPIRE COACH LINE, INC. AND PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY as follows:

## PARTIES AND JURISDICTION

1.

EXHIBIT 1

- 1 -

Plaintiff Oladapo Onagoruwa resides at 622 Wellaby Lane, Kissimmee, Florida 34759, and is subject to the jurisdiction of this court.

2.

Defendant David Mc Lauchlin resides at 147 S. Lakeview Drive, Longwood, Florida 32750 and may be served with a copy of the summons and complaint at this address.

3.

Empire Coach Line, Inc. is a domestic corporation existing under the laws of Florida with its principal place of business in Florida and may be served through its registered agent Patricia J. Fontalvo at 1161 Spruce Avenue, Orlando, Florida 32824 and is subject to the jurisdiction of this court.

4.

Pennsylvania Manufacturers Association Insurance Company is a foreign insurance company existing under the laws of Pennsylvania with its principal place of business in Pennsylvania and may be served through its registered agent Corporate Service Company at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, and is subject to the jurisdiction of this court.

5.

Jurisdiction and venue are proper in this court.

**BACKGROUND**

6.

On or about June 25, 2019, plaintiff was a paying passenger in a bus driven by Defendant David Mc Lauchlin.

7.

Defendant David Mc Lauchlin. was driving the bus Southbound on Interstate 75 approaching the Exit 84 Overpass.

8.

On this date, defendant Defendant David Mc Lauchlin. was operating the commercial bus on behalf of defendant Empire Coach Line, Inc.

9.

On this date, defendant Defendant David Mc Lauchlin failed to maintain his lane of travel and collided with a guardrail and bridge support.

10.

As a result of the collision, plaintiff suffered severe and permanent injuries.

## COUNT 1
## NEGLIGENCE

11.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 10 above as if fully restated.

12.

Defendant David Mc Lauchlin was negligent in the following manner:

(a) failing to stay in his/her lane of travel;

(b) driving too fast for conditions;

(c) making an improper lane change;

13.

Defendant David Mc Lauchlin was negligent in failing to maintain a proper lookout and colliding with the guardrail and bridge support.

14.

Defendant David Mc Lauchlin's negligence is the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 2
## IMPUTED LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At the time of the subject collision, defendant David Mc Lauchlin was under dispatch for defendant Empire Coach Line, Inc.

17.

At the time of the subject collision, defendant David Mc Lauchlin was operating his vehicle on behalf of defendant Empire Coach Line, Inc.

18.

Defendant Empire Coach Line, Inc. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of defendant David Mc Lauchlin in regard to the collision described in this complaint under the doctrine of respondeat superior, lease liability, agency or apparent agency.

## COUNT 3
## NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Empire Coach Line, Inc. was negligent in hiring defendant David Mc Lauchlin and entrusting him to drive a commercial vehicle.

21.

Defendant Empire Coach Line, Inc. was negligent in failing to properly train defendant David Mc Lauchlin.

22.

Defendant Empire Coach Line, Inc. was negligent in failing to properly supervise defendant David Mc Lauchlin.

23.

Defendant Empire Coach Line, Inc.'s negligence in hiring defendant David Mc Lauchlin and entrusting him/her with driving a commercial vehicle and failing to train and supervise him/her properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT 4
## DIRECT ACTION

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

Defendant Pennsylvania Manufacturers Association Insurance Company is subject to a direct action as the insurer for defendant Empire Coach Line, Inc. pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

26.

Defendant Pennsylvania Manufacturers Association Insurance Company was the insurer of defendant Empire Coach Line, Inc. at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

27.

Defendant Pennsylvania Manufacturers Association Insurance Company and defendant Empire Coach Line, Inc. are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

28.

Defendant Pennsylvania Manufacturers Association Insurance Company is responsible for any judgment rendered against defendant Empire Coach Line, Inc. and defendant David Mc Lauchlin up to its policy limits of coverage.


## COUNT 5
## DAMAGES

29.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 28 above as if fully restated.

30.

As a result of defendants' negligence, plaintiff suffered *a* significant back injury, wrist injury, and neck injury, amongst other bodily injuries.

31.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

32.

As a result of defendants' negligence, plaintiff has been unable to work and has a claim for past and future lost wages.

33.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.


## COUNT 6

## PUNITIVE DAMAGES

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays that he/she has a trial on all issues and judgment against defendants as follows:

a.    That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b.    That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c.    That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.    That plaintiff recover such other and further relief as is just and proper.


This ___11TH___ day of May, 2021.

*THE DRESSIE LAW FIRM*

By:   */s/ Ryan Rucker*

**Ryan Rucker**
Georgia Bar No. *199347*
Attorney for Plaintiff

3500 Lenox Road
Suite 1500
Atlanta, GA 30326
404.539.6369
Fax:  770.756.6680
E-mail:  Ryan@DressieLaw.com

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
5/11/2021 11:22 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

# Oladapo Onagoruwa

CIVIL ACTION
NUMBER: **21-C-03536-S4**

PLAINTIFF

VS.

# David Mc Lauchlin

# Empire Coach Line, Inc.

Pennsylvania Manufacturers Association Insurance Company

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

RYAN RUCKER
3500 LENOX ROAD, NE, SUITE 1500
ATLANTA, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____11TH_____ day of _____MAY_____, 20_21_.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03536-S4
5/11/2021 11:22 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## Oladapo Onagoruwa

CIVIL ACTION
NUMBER:_____ **21-C-03536-S4**

PLAINTIFF

VS.

## David Mc Lauchlin

## Empire Coach Line, Inc.

Pennsylvania Manufacturers Association Insurance Company

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

RYAN RUCKER
3500 LENOX ROAD, NE, SUITE 1500
ATLANTA, GA 30326

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___11TH___ day of ___MAY___, 20_21_.

Tiana P. Garner
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**5/21/2021 2:31 PM**
TIANA P. GARNER, CLERK

## VERIFIED RETURN OF SERVICE

State of Georgia                 County of GWINNETT                 State Court

Case Number: 21-C-03536-S4

Plaintiff:
**OLADAPO ONAGORUWA,**

vs.

Defendant:
**DAVID MCLAUCHLIN, EMPIRE COACH LINE, INC. AND
PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE
COMPANY**

For:
Ryan Rucker
The Dressie Law Firm
3500 Lenox Road
Suite 1500
Atlanta, GA 30326

Received by Magic Process on the 19th day of May, 2021 at 12:24 pm to be served on EMPIRE COACH
LINE, INC., 1161 SPRUCE AVENUE, ORLANDO, FL 32824.

I, Vidal Rosado, being duly sworn, depose and say that on the 20th day of May, 2021 at 1:15 pm, I:

served a **CORPORATION** by delivering a true copy of the SUMMONS, CASE INITIATION FORM,
COMPLAINT with the date and hour of service endorsed thereon by me, to: PATRICIA FONTALVO as
RA for EMPIRE COACH LINE, INC., at the address of: 1161 SPRUCE AVENUE, ORLANDO, FL 32824,
and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served: Age:** 45, **Sex:** F, Race/Skin Color: Black, **Height:** 5'4", Weight: 180, Hair:
Black, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under Penalty of Perjury, I
declare that I have read the foregoing document and that the facts stated in it are true to the best of my
knowledge.

Subscribed and Sworn to before me on the 20th day
of May, 2021 by the affiant who is personally known
to me.

NOTARY PUBLIC

JENNIFER GUTHRIE
Commission # GG 557340
Expires May 12, 2024
Bonded Thru Budget Notary Services

**Vidal Rosado**
498

**Magic Process**
924 N. Magnolia Ave.
Suite 220
Orlando, FL 32803
(407) 541-0697

Our Job Serial Number: MGP-2021003834

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b



E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-03536-S4
6/3/2021 2:05 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

Oladapo Onagoruwa,

Plaintiff(s),

v.

David McLauchlin,

Defendant(s).

CIVIL ACTION
FILE NO. 21C03536-S4

### AFFIDAVIT OF SERVICE

I, Kathryn Denise Rhodes, a private process server, after being duly sworn on oath deposes and states that he/she has been appointed by this court per attached Order (when applicable), that he/she is a citizen of the United States, over the age of eighteen (18), and has no interest in the above styled case, is not related to a party involved in the above styled case, and is not a convicted felon.  Service of process was perfected according to the following details:

| SUBJECT NAME | Pennsylvania Manufacturers Association Insurance Company, c/o Corporation Service Company, registered agent |
|---|---|
| SERVED UPON: | Barry Smith / Office Services |
| SERVICE ADDRESS | 2 Sun Court, Suite 400, Peachtree Corners, GA 30092 |
| DATE / TIME SERVED | 5 /24/ 2021 at 3 28 am/pm |
| DOCUMENTS SERVED | Summons; Complaint |

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 2 day of _May_ 2021

Kathryn Denise Rhodes

**RGP**
ATTORNEY SERVICES LLC
21-16218

63 Ayers Ave.
Marietta, GA 30060
770-499-8588
solutions@rgpas.com
www.rgpas.com

Sworn to and subscribed to before me
this 25 day of _May_ 2021

Notary Public
My commission expires:

{Firm/2020/00028/PLEADING/03109726.DOCX }

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2021 JAN 15 PH 3:42
TIANA P. GARNER, CLERK

IN RE: Permanent Process Servers

Case Number: 21 C 00237-2

## ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order up to and including January 4, 2022.

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this _16th_ day of _January_, 20_21_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:

Name    **Kathryn Rhodes**

Address    **2401 Crockett Dr. SE**

**Marietta, GA 30067**

{Firm/2020/00028/PLEADING/03109726.DOCX }

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| OLADAPO ONAGORUWA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | |
| | § | |
| DAVID MCLAUCHLIN, EMPIRE | § | CIVIL ACTION |
| COACH LINE, INC. AND | § | |
| PENNSYLVANIA MANUFACTURERS | § | FILE NO.: 21-C-03536-S4 |
| ASSOCIATION INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANT EMPIRE COACH LINE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **EMPIRE COACH LINE, INC.**, a Defendant in the above-styled civil action, and files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the results of acts or omissions by persons or entities other than this Defendant.

### SECOND DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

### THIRD DEFENSE

To the extent shown by the evidence through discovery, Defendant asserts that Plaintiff's alleged damages may have been directly and proximately caused by the acts or omissions of Plaintiff or other third parties, which constitute contributory and comparative negligence and failure to exercise ordinary care.

{Firm/2020/00028/PLEADING/03108059.DOCX }

### FOURTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act or failure to act of Defendant.

### FIFTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiff because Plaintiff's own negligence equaled or exceeded that of Defendant, if any.

### SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Empire Coach Line, Inc.. Specifically, but not limited to, for negligent hiring, training, and supervision of purported Defendant David McLauchlin.

### SEVENTH DEFENSE

Plaintiff fails to state a claim for punitive damages. Alternatively, this Defendant shows that punitive damages, if any, are limited to a maximum of $250,000. O.C.G.A. § 51-12-5.1.

### EIGHTH DEFENSE

Plaintiff has failed to plead special damages with the requisite specificity and, therefore, is estopped from recovering same.

### NINTH DEFENSE

Defendant raises the defense of insufficient service, insufficiency of process, statute of limitations and venue, as may be shown by the evidence. Specifically, Defendant contends that the United States District Court for the Northern District of Georgia has jurisdiction over this matter.

**TENTH DEFENSE**

In light of the NINTH DEFENSE, as may be shown by the evidence, the Court lacks personal jurisdiction over the Defendant.

**ELEVENTH DEFENSE**

As discovery has not yet begun, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8 and 9-11-12 to the extent applicable, including improper venue and statute of limitations. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

**TWELFTH DEFENSE**

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

**PARTIES AND JURISDICTION**

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

2.

Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

3.

Defendant admits the allegations within Paragraph 3 of Plaintiff's Complaint to the extent that it is a corporation existing under the laws of Florida with its principal place of business in Florida and that it may be served though its registered agent Patricia H. Fontalvo at 1161 Spruce Avenue, Orlando, Florida 32824. Otherwise, Defendant denies that it is subject to the jurisdiction of this Court.

4.

Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## **BACKGROUND**

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

7.

Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

8.

Defendant admits the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

10.

Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE

11.

In response to Paragraph 11 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 10 as though fully stated herein.

12.

Defendant can neither admit nor deny the allegations and all subparts contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

13.

Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

14.

Defendant can neither admit nor deny the allegations contained within Paragraph 14 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 2

## IMPUTED LIABILITY

15.

In response to Paragraph 15 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 14 as though fully stated herein.

16.

Defendant denies as phrased the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant admits the allegations contained within Paragraph 17 of Plaintiff's Complaint.

18.

Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

In response to Paragraph 19 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 18 as though fully stated herein.

20.

Defendant denies the allegations contained within Paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained within Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained within Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained within Paragraph 23 of Plaintiff's Complaint.

## COUNT 4

## DIRECT ACTION

24.

In response to Paragraph 24 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 23 as though fully stated herein.

25.

Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

26.

Defendant admits that Pennsylvania Manufacturers Association Insurance Company was its insurer at the time of the alleged incident. Otherwise, Defendant can neither admit nor deny the remaining allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

27.

Defendant can neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

28.

Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 5

## DAMAGES

29.

In response to Paragraph 29 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 28 as though fully stated herein.

30.

Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

## COUNT 6

## PUNITIVE DAMAGES

34.

In response to Paragraph 34 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 33 as though fully stated herein.

35.

Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore"

paragraph of Plaintiffs' Complaint.

37.

Defendant denies any remaining allegations contained in Plaintiff's  Complaint not

previously responded to.

WHEREFORE, having fully answered, Defendant EMPIRE COACH LINE, INC. prays

that it be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

Respectfully submitted, this 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| OLADAPO ONAGORUWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DAVID MCLAUCHLIN, EMPIRE | § | CIVIL ACTION |
| COACH LINE, INC. AND | § | |
| PENNSYLVANIA MANUFACTURERS | § | FILE NO.: 21-C-03536-S4 |
| ASSOCIATION INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT EMPIRE COACH LINE, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Attorney for Plaintiff

This 16th day of June 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____

**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### DEFENDANT EMPIRE COACH LINE, INC.'S
### DEMAND FOR TRIAL BY A JURY OF 12 JURORS

COME NOW **EMPIRE COACH LINE, INC.,** a Defendant in the above-styled Civil

Action, by and through his counsel of record, hereby files their Demand for Trial by a Jury of 12

Jurors, pursuant to O.C.G.A. §15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12. If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2), which provides:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, EMPIRE COACH LINE, INC., demands trial of this case by a jury of 12

as provided by law, should Plaintiff's Complaint not be dismissed.

[SIGNATURE ON FOLLOWING PAGE]

{Firm/2020/00028/PLEADING/03108053.DOCX }

Respectfully submitted, this 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **OLADAPO ONAGORUWA,** | § |
| | § |
|     **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **DAVID MCLAUCHLIN, EMPIRE** | § |
| **COACH LINE, INC. AND** | §    **CIVIL ACTION** |
| **PENNSYLVANIA MANUFACTURERS** | § |
| **ASSOCIATION INSURANCE** | §    **FILE NO.: 21-C-03536-S4** |
| **COMPANY,** | § |
| | § |
|     **Defendants.** | § |
| | § |

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have this day filed the within and foregoing **DEFENDANT EMPIRE COACH LINE, INC.'S DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road
Suite 1500
Atlanta, GA 30326
<u>Attorney for Plaintiff</u>

This 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET, LLP**



_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
<u>kyoder@cmlawfirm.com</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

OLADAPO ONAGORUWA, §
§
**Plaintiff,** §
§
vs. §
§
DAVID MCLAUCHLIN, EMPIRE §
COACH LINE, INC. AND §   **CIVIL ACTION**
PENNSYLVANIA MANUFACTURERS §
ASSOCIATION INSURANCE §   **FILE NO.: 21-C-03536-S4**
COMPANY,  §
§
**Defendants.** §
§

## DEFENDANT PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW **PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY,** a Defendant in the above-styled civil action, and files its Answer and Defenses to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the results of acts or omissions by persons or entities other than this Defendant.

### SECOND DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this litigation or any damages alleged by the Plaintiff.

### THIRD DEFENSE

To the extent shown by the evidence through discovery, Defendant asserts that Plaintiff's alleged damages may have been directly and proximately caused by the acts or omissions of Plaintiff or other third parties, which constitute contributory and comparative negligence and

failure to exercise ordinary care.

### FOURTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act or failure to act of Defendant.

### FIFTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiff because Plaintiff's own negligence equaled or exceeded that of Defendant, if any.

### SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SEVENTH DEFENSE

Plaintiff fails to state a claim for punitive damages. Alternatively, this Defendant shows that punitive damages, if any, are limited to a maximum of $250,000. O.C.G.A. § 51-12-5.1.

### EIGHTH DEFENSE

Plaintiff has failed to plead special damages with the requisite specificity and, therefore, is estopped from recovering same.

### NINTH DEFENSE

Defendant raises the defense of insufficient service, insufficiency of process, statute of limitations and venue, as may be shown by the evidence. Specifically, Defendant contends that the United States District Court for the Northern District of Georgia has jurisdiction over this matter.

## TENTH DEFENSE

In light of the NINTH DEFENSE, as may be shown by the evidence, the Court lacks personal jurisdiction over the Defendant.

## ELEVENTH DEFENSE

As discovery has not yet begun, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8 and 9-11-12 to the extent applicable, including improper venue and statute of limitations. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## TWELFTH DEFENSE

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

2.

Defendant can neither admit nor deny the allegations contained within Paragraph 2 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 3 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

4.

Defendant admits the allegations contained within Paragraph 4 to the extent that it is a foreign insurance company existing under the laws of Pennsylvania with its principal place of business in Pennsylvania, with its registered agent as Corporate Service Company, 2 Sun Court, suite 400, Peachtree Corners, GA 30092. Otherwise, Defendant denies that it is subject to the jurisdiction of this Court.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

**BACKGROUND**

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

7.

Defendant can neither admit nor deny the allegations contained within Paragraph 7 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

8.

Defendant can neither admit nor deny the allegations contained within Paragraph 8 of

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

9.

Defendant can neither admit nor deny the allegations contained within Paragraph 9 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

10.

Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE

11.

In response to Paragraph 11 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 10 as though fully stated herein.

12.

Defendant can neither admit nor deny the allegations and all subparts contained within Paragraph 12 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

13.

Defendant can neither admit nor deny the allegations contained within Paragraph 13 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

14.

Defendant can neither admit nor deny the allegations contained within Paragraph 14 of

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 2

## IMPUTED LIABILITY

### 15.

In response to Paragraph 15 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 14 as though fully stated herein.

### 16.

Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 17.

Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 18.

Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

### 19.

In response to Paragraph 19 of Plaintiff's Complaint, Defendant incorporates herein by

reference the above Paragraphs 1 through 18 as though fully stated herein.

20.

Defendant can neither admit nor deny the allegations contained within Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

21.

Defendant can neither admit nor deny the allegations contained within Paragraph 21 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

22.

Defendant can neither admit nor deny the allegations contained within Paragraph 22 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

23.

Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 4

## DIRECT ACTION

24.

In response to Paragraph 24 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 23 as though fully stated herein.

25.

Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

26.

Defendant admits it was the insurer of Empire Coach Line, Inc. at the time of the alleged incident. Otherwise, Defendant can neither admit nor deny the remaining allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

27.

Defendant can neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

28.

Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## **COUNT 5**

## **DAMAGES**

29.

In response to Paragraph 29 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 28 as though fully stated herein.

30.

Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

## COUNT 6

## PUNITIVE DAMAGES

34.

In response to Paragraph 34 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 33 as though fully stated herein.

35.

Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiffs' Complaint.

37.

Defendant denies any remaining allegations contained in Plaintiff's  Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant PENNSYLVANIA

MANUFACTURERS ASSOCIATION INSURANCE COMPANY prays that it be discharged

without costs.

## A TRIAL BY TWELVE JURORS IS DEMANDED.

Respectfully submitted, this 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **DEFENDANT PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
<u>Attorney for Plaintiff</u>

This 16th day of June 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
<u>kyoder@cmlawfirm.com</u>

{Firm/2020/00028/PLEADING/03108174.DOCX }

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

---

### DEFENDANT PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY'S DEMAND FOR TRIAL BY A JURY OF 12 JURORS

COME NOW **PENNSYLVANIA MANUFACTURERS ASSOCIATION**

**INSURANCE COMPANY,** a Defendant in the above-styled Civil Action, by and through his

counsel of record, hereby files their Demand for Trial by a Jury of 12 Jurors, pursuant to

O.C.G.A. §15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12.  If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2), which provides:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, PENNSYLVANIA MANUFACTURERS ASSOCIATION

INSURANCE COMPANY demands trial of this case by a jury of 12 as provided by law, should

Plaintiff's Complaint not be dismissed.

{Firm/2020/00028/PLEADING/03108179.DOCX }

Respectfully submitted, this 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____

**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day filed **DEFENDANT PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY'S DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
<u>Attorney for Plaintiff</u>

This 16th day of June 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
<u>kyoder@cmlawfirm.com</u>

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

### PURPORTED DEFENDANT DAVID DOW MCLAUCHLIN'S
### DEMAND FOR TRIAL BY A JURY OF 12 JURORS

COME NOW DAVID DOW MCLAUCHLIN, names as a purported Defendant in the

above-styled Civil Action, without waiving any defenses related to service, jurisdiction venue

and the statute of limitations, by and through his counsel of record, hereby files their Demand for

Trial by a Jury of 12 Jurors, pursuant to O.C.G.A. §15-12-122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for damages is greater
> than $25,000.00, either party may demand in writing prior to the commencement
> of the trial term that the case be tried by a jury of 12. If such a demand is made,
> the judge shall follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2), which provides:

> In all civil actions in the state courts in which a jury of 12 is demanded, the judge
> shall follow the procedures for superior courts of sub-section (b) of this Code
> section.

WHEREFORE, DAVID DOW MCLAUCHLIN, demands trial of this case by a jury of

12 as provided by law, should Plaintiff's Complaint not be dismissed.

Respectfully submitted, this 16th day of June 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day filed **PURPORTED DEFENDANT DAVID DOW MCLAUCHLIN'S DEMAND FOR JURY TRIAL** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road
Suite 1500
Atlanta, GA 30326
Attorney for Plaintiff

This 16th day of June 2021.

CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP

**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA 30092
(404) 881-2622
kyoder@cmlawfirm.com

{Firm/2020/00028/PLEADING/03108180.DOCX }

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-03536-S4**
**6/16/2021 1:42 PM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| OLADAPO ONAGORUWA, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | |
| DAVID MCLAUCHLIN, EMPIRE COACH LINE, INC. AND PENNSYLVANIA MANUFACTURERS ASSOCIATION INSURANCE COMPANY, | § § § § § § § | CIVIL ACTION<br><br>FILE NO.: 21-C-03536-S4 |
| Defendants. | § § § § § | |

## SPECIAL APPEARANCE ANSWER AND DEFENSES
## OF DAVID MCLAUCHLIN TO PLAINTIFF'S COMPLAINT

COMES NOW, DAVID MCLAUCHLIN ("Defendant"), named as a purported

Defendant in the above-styled civil action, and by and through his undersigned counsel of record

and, appearing specially and without waiving but specifically reserving all defenses arising from

jurisdiction, statute of limitations, service, process, and venue, hereby responds to Plaintiff's

Amended Complaint ("Complaint") showing this Court as follows:

### FIRST DEFENSE

This Defendant shows that Plaintiff's alleged injuries, if any, were the results of acts or

omissions by persons or entities other than this Defendant.

### SECOND DEFENSE

No act or omission of this Defendant proximately caused the occurrence at issue in this

litigation or any damages alleged by the Plaintiff.

### THIRD DEFENSE

To the extent shown by the evidence through discovery, Defendant asserts that Plaintiff's alleged damages may have been directly and proximately caused by the acts or omissions of Plaintiff or other third parties, which constitute contributory and comparative negligence and failure to exercise ordinary care.

### FOURTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that Plaintiff, by the exercise of ordinary care, may have been able to avoid the consequences of any act or failure to act of Defendant.

### FIFTH DEFENSE

To the extent shown by the evidence through discovery, Defendant avers that it is not liable to Plaintiff because Plaintiff's own negligence equaled or exceeded that of Defendant, if any.

### SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

### SEVENTH DEFENSE

Plaintiff fails to state a claim for punitive damages. Alternatively, this Defendant shows that punitive damages, if any, are limited to a maximum of $250,000. O.C.G.A. § 51-12-5.1.

### EIGHTH DEFENSE

Plaintiff has failed to plead special damages with the requisite specificity and, therefore, is estopped from recovering same.

## NINTH DEFENSE

Defendant raises the defense of insufficient service, insufficiency of process, statute of limitations and venue, as may be shown by the evidence. Specifically, but not limited to, Defendant contends that the United States District Court for the Northern District of Georgia has jurisdiction over this matter and that he has yet to be served.

## TENTH DEFENSE

In light of the NINTH DEFENSE, as may be shown by the evidence, the Court lacks personal jurisdiction over the Defendant.

## ELEVENTH DEFENSE

As discovery has not yet begun, Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered.  Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8 and 9-11-12 to the extent applicable, including improper venue and statute of limitations. Defenses asserted herein are based upon the initial theories of defense counsel.  Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## TWELFTH DEFENSE

As a Twelfth Defense, this Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1.

Defendant can neither admit nor deny the allegations contained within Paragraph 1 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the

truth thereof, and puts Plaintiff upon strict proof of the same.

2.

Defendant admits the allegations contained within Paragraph 2 of Plaintiff's Complaint to the extent he resides at 147 S. Lakeview Drive, Longwood, Florida 32750. Otherwise, Defendant denies that he has been served and the jurisdiction/venue are proper.

3.

Defendant can neither admit nor deny the allegations contained within Paragraph 5 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

4.

Defendant can neither admit nor deny the allegations contained within Paragraph 4 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

5.

Defendant denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## BACKGROUND

6.

Defendant can neither admit nor deny the allegations contained within Paragraph 6 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

7.

Defendant admits allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.

Defendant admits the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies as phrased the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained within Paragraph 10 of Plaintiff's Complaint.

## COUNT I

## NEGLIGENCE

11.

In response to Paragraph 11 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 10 as though fully stated herein.

12.

Defendant denies allegations and all subparts contained within Paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Complaint.

## COUNT 2

## IMPUTED LIABILITY

15.

In response to Paragraph 15 of Plaintiff's Complaint, Defendant incorporates herein by

reference the above Paragraphs 1 through 14 as though fully stated herein.

16.

Defendant denies as phrased the allegations contained within Paragraph 16 of Plaintiff's Complaint.

17.

Defendant can neither admit nor deny the allegations contained within Paragraph 17 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

18.

Defendant can neither admit nor deny the allegations contained within Paragraph 18 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

In response to Paragraph 19 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 18 as though fully stated herein.

20.

Defendant can neither admit nor deny the allegations contained within Paragraph 20 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

21.

Defendant can neither admit nor deny the allegations contained within Paragraph 21 of

Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

22.

Defendant can neither admit nor deny the allegations contained within Paragraph 22 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

23.

Defendant can neither admit nor deny the allegations contained within Paragraph 23 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

**COUNT 4**

**DIRECT ACTION**

24.

In response to Paragraph 24 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 23 as though fully stated herein.

25.

Defendant can neither admit nor deny the allegations contained within Paragraph 25 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

26.

Defendant can neither admit nor deny the allegations contained within Paragraph 26 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

27.

Defendant can neither admit nor deny the allegations contained within Paragraph 27 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

28.

Defendant can neither admit nor deny the allegations contained within Paragraph 28 of Plaintiff's Complaint for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 5

## DAMAGES

29.

In response to Paragraph 29 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 28 as though fully stated herein.

30.

Defendant denies the allegations contained within Paragraph 30 of Plaintiff's Complaint.

31.

Defendant denies the allegations contained within Paragraph 31 of Plaintiff's Complaint.

32.

Defendant denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

33.

Defendant denies the allegations contained within Paragraph 33 of Plaintiff's Complaint.

## COUNT 6

## PUNITIVE DAMAGES

34.

In response to Paragraph 34 of Plaintiff's Complaint, Defendant incorporates herein by reference the above Paragraphs 1 through 33 as though fully stated herein.

35.

Defendant denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

36.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiffs' Complaint.

37.

Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Purported Defendant DAVID MCLAUCHLIN prays that he be discharged without costs.

**A TRIAL BY TWELVE JURORS IS DEMANDED.**

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 16th day of June 2021.

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____
**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
gtornillo@cmlawfirm.com
kyoder@cmlawfirm.com
rcruser@cmlawfirm.com

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **OLADAPO ONAGORUWA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **DAVID MCLAUCHLIN, EMPIRE** | § | **CIVIL ACTION** |
| **COACH LINE, INC. AND** | § | |
| **PENNSYLVANIA MANUFACTURERS** | § | **FILE NO.: 21-C-03536-S4** |
| **ASSOCIATION INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **SPECIAL ANSWER AND DEFENSES OF DAVID MCLAUCHLIN TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the Odyssey eFileGA filing system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ryan Rucker, Esq.
THE DRESSIE LAW FIRM
3500 Lenox Road
Suite 1500
Atlanta, GA 30326
Attorney for Plaintiff

[SIGNATURE ON FOLLOWING PAGE]

This 16th day of June 2021.

                                       **CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET, LLP**

_____

**GLENN C. TORNILLO**
Georgia Bar No. 714754
**KRISTIN L. YODER**
Georgia Bar No. 229210
**J. ROBB CRUSER**
Georgia Bar No. 199480
_Attorneys for Defendant_

Meridian II, Suite 2000
275 Scientific Drive
Peachtree Corners, GA  30092
(404) 881-2622
(404) 881-2630 (Fax)
kyoder@cmlawfirm.com